UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
[EASTERN]

| | |
|---|---|
| JENZABAR, INC., <br><br> Plaintiff, <br><br> v. <br><br> CASE WESTERN RESERVE UNIVERSITY, <br><br> Defendant. | Case No.: |

## NOTICE OF REMOVAL

Please take notice that Defendant Case Western Reserve University ("Case Western"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, removes this action from the Superior Court of Suffolk County to the United States District Court for the District of Massachusetts. As grounds for removal, Case Western respectfully states as follows:

### I. Introduction

1. Plaintiff, Jenzabar, Inc., filed a Complaint on or about August 23, 2018, in the Suffolk County Superior Court, styled *Jenzabar, Inc. v. Case Western Reserve University*, Civil Action No. 1884-02654.

2. Plaintiff alleges that Case Western breached and effectively repudiated its contract with Plaintiff for Plaintiff's software services. Plaintiff seeks "a declaration of the parties' rights and obligations under the contract and all damages arising from Case Western's breach and repudiation of the contract, including Case Western's non-payment of approximately $82,000 in fees." (Compl. ¶ 4.)

3. Case Western received the Complaint, attached hereto, on or about September 6, 2018.[1] Case Western is filing this Notice of Removal within thirty days of receipt of the Complaint.

4. As of the date of this removal, Case Western has not filed a responsive pleading to Plaintiff's Complaint. Case Western reserves all rights to assert any and all defenses and to otherwise respond to the Complaint.

## II. Diversity Jurisdiction Exists Under 28 U.S.C. § 1332

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the action is between citizens of different states. Accordingly, this action is properly removed under 28 U.S.C. §§ 1332 and 1441.

### A.    Amount in Controversy

6. Plaintiff seeks to recover, at minimum, the "balance of $82,280.75 plus finance charges" that Case Western allegedly owes under the parties' software service contract. (Compl. ¶¶ 73–74.) In its prayer for relief, Plaintiff also seeks attorneys' fees and additional damages for breach of contract.

7. The amount in controversy therefore "exceeds the sum or value of $75,000, exclusive of interest and costs" under 28 U.S.C. 1332(a).

### B.    Diversity of Citizenship

8. For diversity purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

---

[1] In a telephone call on September 25, 2018, Plaintiff's counsel stated that their records indicated a service date of September 4, 2018. Either way this notice of removal is timely.

2

9. In its Complaint, Plaintiff alleges that it is a corporation incorporated in Delaware with its principal place of business in Massachusetts. (Compl. ¶ 5.) Plaintiff thus is a citizen of Delaware and Massachusetts.

10. Case Western is a nonprofit corporation organized under the laws of Ohio with its principal place of business in Ohio. Case Western thus is a citizen of Ohio.

11. Accordingly, there is complete diversity between the parties in this case as Plaintiff and Case Western are "citizens of different States" under 28 U.S.C. § 1332(a)(1).

### III. Procedural Requirements For Removal Are Satisfied

12. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within 30 days of September 6, 2018, the date Case Western received service of the Complaint.

13. Venue is proper under 28 U.S.C. § 1441(a) as the Eastern Division of the District of Massachusetts embraces the county and court where Plaintiff filed the action.

14. A copy of this Notice of Removal is being filed with the Suffolk County Superior Court, and a copy of this Notice of Removal is being served on all parties.

15. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Case Western are attached to this Notice of Removal as Exhibit A.

### IV. Conclusion

16. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this action under 28 U.S.C. §§ 1441 and 1446 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this is a civil action between citizens of different states.

17. By filing this Notice of Removal, Case Western does not waive any defenses or objections available to it under the law. Similarly, no admission of fact, allegation, or wrongdoing is intended by this Notice of Removal.

18. Case Western expressly reserve the right to amend or supplement this Notice of Removal, including as may be necessary to address any contentions set forth in a motion to remand.

WHEREFORE, Case Western hereby removes this action from the Suffolk County Superior Court to the Eastern Division of the District of Massachusetts and requests that the Suffolk County Superior Court proceed no further with respect to this action.

Dated: September 25, 2018                             Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:   */s/ Mark I. Bailen*
      Mark I. Bailen
      1050 Connecticut Avenue
      NW, Suite 1100
      Washington, D.C. 20036 - 5403
      Telephone: 202.861.1500
      Facsimile: 202.861.1783
      mbailen@bakerlaw.com

Attorney for Defendant Case Western Reserve University

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **Notice of Removal** was served upon the following by email and first class mail on September 25, 2018:

Matthew P. Ritchie
NUTTER, MCCLENNEN & FISH LLP
155 Seaport Blvd.
Boston, Massachusetts 02210

Liam T. O'Connell
NUTTER, MCCLENNEN & FISH LLP
155 Seaport Blvd.
Boston, Massachusetts 02210

Sa'adiyah K. Masoud
NUTTER, MCCLENNEN & FISH LLP
155 Seaport Blvd.
Boston, Massachusetts 02210

> */s/ Mark I. Bailen*
> Attorney for Case Western